UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80106-CIV-MARRA/MATTHEWMAN

ROGER DALE CORBIN,

Plaintiff,

vs.

TOWN OF PALM BEACH,

Defendant.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendant's Renewed Motion for Summary Judgment as to Disparate Impact Claim (DE 98).  Plaintiff has filed a Notice of Non-Objection (DE 101).  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

The Court incorporates the facts from its prior Order granting summary judgment to Defendant on the disparate treatment claim and denying summary judgment to Plaintiff on the disparate impact claim (DE 97).  Additional facts, as culled from affidavits and answers to interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving party, for the purpose of this motion, are as follows:

Plaintiff was the only diabetic employee to whom the Town and Fire Department rule of calling in sick when not at home has impacted. (Danielle Olson Aff. ¶ 5.)  The Town has not denied any diabetics use of available sick time for violating the calling in rule when not at home

---

[1] The Court presumes familiarity with its prior Orders.

and there is no statistical evidence demonstrating that this rule affects diabetics in any different manner than any other employees. (Id. at ¶¶ 6-7.) Plaintiff was not terminated for violating the Town and Fire Department rule, but for insubordination and deceit. (Id. at ¶ 9.) The sick leave rules were established many years ago to detect and curb sick leave abuse, which was prevalent in the Fire Department. Abuse caused cost overruns and was the subject of union contract negotiations. Abuse discourages other employees who are honestly obeying the rules and encourages sick leave abuse in other departments. (Ans. to Interrog. 2, Ex. 1, DE 98-1.)

Defendant moves for summary judgment and argues that there is no statistical evidence to demonstrate causation and the policies challenged by Plaintiff are consistent with business necessity.

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the

nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III.  Discussion

The United States Supreme Court has recognized that disparate impact claims are cognizable under the ADA.  Raytheon Co. v. Hernandez, 540 U.S. 44, 53 (2003) (citing  42 U.S.C. § 12112(b)).  These types of claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."  Id.  The ADA prohibits employers from using policies which "screen out" disabled individuals unless the criteria "is shown to be job-

related for the position in question and is consistent with business necessity." 42 U.S.C. § 12112(b)(6). Besides pointing to a specific employment practice that allegedly has a disparate impact, a plaintiff must also demonstrate causation by offering statistical evidence to show that the challenged practice has resulted in prohibited discrimination. Hallmark Developers v. Fulton County, 466 F.3d 1276, 1286 (11th Cir. 2006); Spivey v. Beverly Enterprises, Inc., 196 F.3d 1309, 1314 (11th Cir. 1999). Once a prima facie case is established, the employer can respond with evidence that the challenged practice is both related to the position in question and consistent with business necessity. Spivey, 196 F.3d at 1314.

There is a Town-wide policy requiring employees to be home when calling in sick and a Fire Rescue Department policy requiring employees to be home when calling in sick unless they notify the department otherwise. Defendant has provided unrebutted evidence that these policies do not have a disparate impact on employees and there is no statistical evidence showing otherwise. (Persaud Aff. ¶ 7, DE 87; Olson Aff. ¶¶ 5-9.) Because Plaintiff has failed to raise a question of fact on the issue of causation, Defendant is entitled to summary judgment. Nonetheless, for the purpose of a complete record, the Court will discuss business necessity. The record evidence demonstrates that the challenged policies exist to address the problem of chronic sick leave abuse and to reduce cost overruns, and thus are consistent with business necessity. See Transport Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth., 341 F. Supp. 2d 432, 448 (S.D.N.Y. 2004) (violations of sick leave not only "drains[ ] public funds" but has the potential to "disrupt[ ] vital services.") Plaintiff has failed to raise a genuine issue of material fact on this point.

Accordingly, Defendant is entitled to summary judgment as a matter of law.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Renewed Motion for Summary Judgment as to Disparate Impact Claim (DE 98) is **GRANTED**. The Court will separately issue judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of March, 2014.

                                              KENNETH A. MARRA
                                              United States District Judge